UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JANE DOE,

        Plaintiff,

vs.

JONATHAN REES,

        Defendant

Case No.: Case 3:23-cv-01352 (TJM/ML)

**MOTION TO SET ASIDE DEFAULT AND TO STAY PROCEEDINGS**

I, Defendant, Jonathan Rees, appearing pro se, respectfully requests this Court to set aside any default entered against him under Federal Rule of Civil Procedure 60(b) due to excusable neglect, lack of proper notice, and to grant a stay of proceedings to enable a fair defense.

**Introduction**

1. On May 29, 2024, Prior to the events leading to the default, the Defendant explicitly informed his prior counsel of the deactivation of his former email address, see evidence attached hereto as **Exhibit "A"**.

2. This deactivation effectively ceased communications to that address, which was the primary means of contact used by counsel and the court. Despite this communication, no alternative method of service was employed, and thus, subsequent court notices were not received by the Defendant.

3. On Jun 3, 2024, Defendant texted Defendant's prior counsel Kirstie Means at Lippes Mathias to request information and specifically the court's virtual appearance link to be texted to him, as his email address was inaccessible/deactivated.

4.  On Jun 3, 2024, Defendant's prior counsel Kirstie Means responded by text, sharing the virtual Microsoft Teams Link for that Court Appearance via text message, see redacted screenshot of the text exchange, attached hereto as **Exhibit "B"**.

5.  The Defendant was not aware of the ongoing proceedings due to the deactivation of, and lack of access to, his email address, which was the only means of communication provided to the court by prior counsel. This constitutes excusable neglect on the part of the Defendant.

6.  In November 2024, upon becoming aware of the ongoing court proceedings, the Defendant immediately took proactive steps to engage with the legal process as a pro se litigant. He contacted the court directly to inform them of his situation and has maintained consistent communication with the Courtroom deputy, responding promptly to inquiries and requests, despite still not having access to PACER as of today's date, see attached hereto **Exhibit "C",** which would enable him to review prior proceedings.

7.  Defendant's efforts to defend himself have been made without the assistance of the FCBA Pro Se Assistance Program, from which he has yet to receive a response, having emailed and telephoned them program multiple times since becoming aware of the ongoing court proceedings, thus Defendant has been forced to navigate the complexities of the legal system on his own.

8.  On December 5th, 2024, when Defendant's newly created PACER account was disabled, Defendant immediately attempted to inform the Court, emailing Courtroom deputy Ms. Casey to inform her. A copy of the email is attached hereto, marked **Exhibit "D."**

<u>**Excusable Neglect Under Rule 60(b)(1)**</u>

9. The Defendant's failure to respond was due to a change in contact information, specifically an email deactivation, which was communicated to prior counsel but not updated in court records. This constitutes excusable neglect as recognized in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), where the Supreme Court held that excusable neglect encompasses situations where a party fails to act due to circumstances beyond their control.

The Defendant's non-response to the court's directives should be considered an instance of excusable neglect under the principles delineated in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Here, the Defendant experienced a change in contact information, specifically the deactivation of an email address previously on record. This change was duly communicated to prior legal counsel, indicating the Defendant's good faith attempt to maintain accurate communication channels. However, due to an administrative oversight, this updated information was not reflected in the court's records, leading to a failure in receiving crucial legal notices.

This situation aligns with the criteria for excusable neglect as articulated by the Supreme Court in Pioneer:

- **Danger of Prejudice to the Plaintiff:** The delay here is not so substantial as to prejudice the Plaintiff unduly, as the core issues of the case remain unchanged, and the Plaintiff retains the ability to address the merits of their claims once the Defendant is properly notified.

- **Length of Delay and Impact on Judicial Proceedings:** The period of delay due to the miscommunication was relatively brief, and judicial proceedings can accommodate this

MOTION TO SET ASIDE DEFAULT AND TO STAY PROCEEDINGS - CASE 3:23-CV-01352-TJM-ML

without significant disruption, especially considering the Defendant's proactive notification of the email deactivation to his prior counsel.

- **Reason for the Delay:** The deactivation of the email was a circumstance beyond the Defendant's reasonable control. This is precisely the type of "neglect" the Supreme Court found excusable in Pioneer, emphasizing that such neglect includes situations where the party could not reasonably foresee or prevent the failure to act.

Moreover, in In re Smith, 2021 WL 2123631 (Bankr. E.D. Ky.), the court highlighted that the reason for delay, rather than just the length, is crucial in determining excusable neglect, advocating for a fact-specific inquiry into the circumstances surrounding the neglect. The Defendant's case here presents similar circumstances where the reason for the delay was due to an unforeseen change in contact details, not willful avoidance or negligence.

### Lack of Proper Notice - Due Process Violation

10. The Defendant did not receive actual notice of subsequent proceedings, which infringes upon his rights under the Fifth and Fourteenth Amendments. The case Jones v. Flowers, 547 U.S. 220 (2006), underscores that due process requires notice reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Here, the failure to update contact information led to a clear violation of these constitutional protections.

### Failure to Receive Notice of Hearings or Dates

11. The Defendant was never served with notice of any scheduled hearings, motions, or Orders in this matter since June 3rd, 2024. This lack of notification directly contravenes the

Defendant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Federal Rule of Civil Procedure 5. The Defendant was thereby precluded from participating in any proceedings which led to any entry of the default.

12.     The Defendant did not receive actual notice of the amended complaint or any subsequent court orders, including the order setting the deadline for response. This lack of notice was not due to Defendant's avoidance of service or inexcusable neglect but rather due to circumstances beyond his control - the deactivation of, and his ability to access the email address previously on record. The court has recognized that relief is appropriate where service of process does not result in actual notice in time to defend against the action.

### Inadequate Service of Process

13.     Service by email to an inactive, inaccessible address does not constitute effective service under Federal Rule of Civil Procedure 5. The default judgment might be void under Rule 60(b)(4) if the court lacked jurisdiction due to improper service, as discussed in Armstrong v. Manzo, 380 U.S. 545 (1965), where the court set aside a judgment for lack of proper notice.

### Self-Representation And Lack Of Legal Counsel

### Diligent Efforts to Secure Legal Representation

14.     Attempts to Retain Counsel: Despite diligent and continuous efforts to secure legal representation, Defendant has been unable to obtain counsel. Defendant contacted numerous attorneys and law firms in the New York area, explained his financial situation, and sought pro bono or affordable legal services. However, due to the complexity of this case, the financial constraints involved, and the limited availability of pro bono services, no attorney has agreed to represent me.

15.     Impact of Self-Representation: As a pro se litigant, Defendant at a significant disadvantage in terms of understanding and adhering to the complex protocols of federal court proceedings. This lack of legal representation has not only affected Defendant's ability to adequately prepare for and respond to legal actions but also his understanding of the necessity and methods of proper service.

## Imminent Danger

Defendant's safety and ability to adequately defend this case is further complicated as an attempt on Defendant's life by April Chandler on August 8, 2023 (further detailed in Defendant's June 12 Declaration), whom Plaintiff has identified as a non-party witness in this case, caused Defendant to flee New York State on August 10, 2023.

Since fleeing New York State on August 10th, 2023, after Plaintiff's associate and non-party witness to this case Ms. Chandler's attempt on Defendant's life, Defendant has been forced to live a nomadic existence, in other states, with no real fixed abode, for the last 16 months, with <u>infrequent access to the internet, his electronics, repeatedly changing locations for safety reasons</u>, while Ms. Chandler has been hunting Defendant, publicly and privately, conducting a vicious smear campaign, terrorizing Defendant's family, friends, and business associates, and conducting lawfare as a vexatious litigant in multiple justifications and venues while awaiting trial for violent crimes with a firearm.

## Federal Rule of Civil Procedure 60(b)

This rule allows for the relief from a final judgment or order for reasons including:

- 60(b)(1): Mistake, inadvertence, surprise, or excusable neglect. Here, the Defendant's failure to appear or respond was due to the lack of receipt of crucial court communications

because of an unupdated/deactivated/inaccessible email address, which constitutes excusable neglect.

- 60(b)(4): The judgment is void. If the Defendant was not properly served with notice, then the jurisdiction of the court over the Defendant for the purpose of this judgment might be void as it infringes on due process rights.

- 60(b)(6): Any other reason justifying relief from the operation of the judgment. The unique circumstances where the Defendant made known his change in contact information yet was not served through alternative means, supports setting aside the judgment for the sake of justice.

### Due Process

The fundamental principles of due process require that a party be given adequate notice and an opportunity to be heard. The failure to provide such notice to the Defendant, due to outdated contact information, violated these principles.

The Constitution guarantees due process under the Fifth and Fourteenth Amendments, which includes the right to a fair opportunity to defend oneself. This principle is particularly crucial for pro se litigants who do not benefit from legal counsel's procedural knowledge.

The Federal Rules of Civil Procedure, particularly Rule 8, require that pleadings give defendants fair notice of the claims against them, but this is often more challenging for pro se litigants to interpret without guidance.

In Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933 (5th Cir. 1999), the court set aside a default judgment where the defendant showed excusable neglect and promptly moved

to set aside the default upon learning of it. This case highlights the importance of timely action and demonstrating a valid reason for non-compliance.

### **Meritorious Defense**

Defendant asserts that he has a meritorious defense to the claims in any amended complaint - which he has still not gained access to - including, but not limited to;

- Plaintiff physically attacked Defendant with a kitchen knife.

- Plaintiff engaged in wiretapping activities against the counterclaimant for a period of <u>six (6) months</u>.

- Plaintiff impersonated Defendant during a call with Defendant's wireless phone carrier, unlawfully obtaining Defendant's cell phone records.

- Plaintiff's attorney, as evidenced by Chenango Sherriff's, initiated a sham 911 suicide welfare check to terrorize Defendant.

These, and other facts and evidence for a defense, were not presented due to the failure to receive notice, not due to any lack of diligence or merit on the part of the Defendant. Setting aside any default would allow the case to be adjudicated on its merits, as is preferred by the courts.

In New York civil law, the concept of a meritorious defense to claims in an amended complaint, even when the defendant has not yet been formally served with the amendment, is addressed through principles related to due process and the right to fair notice.

In Zats v Katselnick (2020 NY Slip Op 50472 (U)), the court allowed for the defense of an action within one year after a defendant obtains knowledge of the judgment, if they did not

personally receive notice of the summons in time to defend and have a potentially meritorious defense, as per CPLR 317. This case reinforces the principle that due process considerations should prevent judgments against parties who were not given adequate notice to defend themselves, even in cases of amended complaints.

### Non-Receipt of Court Orders

The Defendant, appearing pro se, respectfully submits that any default entered against him should be set aside due to a clear lack of service of essential court documents. Defendant was never properly served with the Amended Complaint or subsequent court orders, which are foundational to the obligations he was expected to fulfill.

This failure to serve crucial documents constitutes a fundamental breach of due process under the Fifth and Fourteenth Amendments of the United States Constitution, which guarantee the right to notice and an opportunity to be heard. Without receiving these documents, Defendant was unable to respond appropriately or to comprehend the directives of the Court, thereby rendering any default or judgment fundamentally unfair.

In Shannon NN. v Tarrin OO. (2021 NY Slip Op 02851), the respondent failed to appear for a trial due to work obligations. The court's decision to vacate the default judgment was based on the respondent's reasonable excuse for non-appearance and the existence of a potentially meritorious defense. The court reiterated that due process requires adequate notice, and without it, any judgment entered would be in violation of fundamental fairness as protected by the Fourteenth Amendment.

The case of Goldberg v. Kelly (397 U.S. 254 (1970)) by the U.S. Supreme Court further solidifies the principle of due process in the context of receiving notice. The court emphasized

the constitutional right to timely and adequate notice and an opportunity to defend oneself, and that this extends to civil litigation where the right to be served with legal documents like an amended complaint is crucial for a defendant to understand and respond to changes in judicial proceedings.

### Lack of Access to the Docket

Furthermore, Defendant has been prejudiced by his inability to access the court's docket, a situation exacerbated by his pro se status. Despite diligent efforts, Defendant has been unable to obtain or view the docket entries, which are necessary for understanding the progression of the case, including the deadlines for responses and court appearances. This lack of access is not due to neglect or lack of diligence but rather stems from systemic issues in accessing legal resources as a self-represented litigant.

The absence of docket access precludes Defendant from knowing about, and therefore complying with, the Court's orders and schedules, which may have directly led to any default. Setting aside any default is thus warranted under Federal Rule of Civil Procedure 55(c) for good cause, which includes the inability to defend due to lack of notice and lack of access to the docket.

### Prejudice Against Pro Se Litigants

The prejudice against pro se defendant in this case should be considered by this Court when deciding whether to set aside the default. The legal system's complexity, coupled with the lack of access to legal representation, places pro se litigants at a significant disadvantage, particularly when crucial procedural information is not conveyed.

The Federal Rules of Civil Procedure aim to ensure that justice is administered fairly, which includes providing accommodations or leniency to those without legal representation. This Court should recognize the inherent challenges faced by pro se defendants and the unintended consequences of strict procedural enforcement without ensuring that notice has been effectively communicated.

Courts are expected to construe pro se pleadings liberally to prevent injustice due to lack of legal expertise. The U.S. Supreme Court in Haines v. Kerner (404 U.S. 519 (1972)) established that allegations of a pro se complaint, "however inartfully pleaded," are held to less stringent standards than those drafted by lawyers. This case supports the argument that courts should be more forgiving with procedural errors by pro se defendants.

Plaintiff's Legal Advantage

Plaintiff has three (3) attorneys of record. Defendant is pro se. The Plaintiff is represented by three (3) seasoned attorneys, each commanding high fees, providing an extensive legal team with deep resources and expertise. This substantial advantage starkly contrasts with the Defendant's situation, who is self-represented (pro se) and faces significant hurdles in understanding and navigating the complex legal landscape of this case.

Disparity in Representation

This imbalance in legal representation creates an inequitable playing field, where the Plaintiff's team can delve deeply into legal strategies, manage deadlines, and handle the intricacies of legal procedure with ease, while the Defendant, lacking such support, is struggling to keep pace with the proceedings. The Defendant's pro se status places him at a considerable

disadvantage, not just in terms of legal knowledge but also in the capacity to timely respond to motions, gather evidence, or even understand the full scope of the legal actions against him.

Impact on Procedural Fairness

The disparity not only affects the Defendant's ability to defend effectively but also potentially prejudices the judicial process. The procedural complexities and the pace at which a well-represented party can move through litigation can overwhelm a pro se litigant, leading to defaults or missteps not reflective of the case's merits but rather the Defendant's lack of legal support.

Judicial Consideration

Given these circumstances, it is imperative for this Court to consider the inherent prejudice against the pro se Defendant. The court should evaluate whether the strict application of procedural rules without accommodations for the Defendant's situation aligns with the principles of due process and fundamental fairness under the law. This includes potentially setting aside any default judgments and staying proceedings to allow the Defendant adequate time to comprehend, respond, and prepare a defense, thereby ensuring that justice is not merely a function of legal representation or lack thereof.

## **Stay of Proceedings**

In light of the above, it is imperative that the court consider a stay of proceedings. This request is not made to delay the administration of justice but to ensure fairness and due process. The Defendant, acting pro se, requires adequate time to obtain and review all relevant court documents, filings, and orders to fully understand the case's status, arguments presented, and

evidence on record. Without this access, the Defendant cannot effectively prepare his defense or respond appropriately to the complexities of the litigation.

<u>Plaintiff has three (3) attorneys of record. Defendant is pro se.</u> A stay would allow Defendant the opportunity to gain access to the Docket, catch up on the case's history, thereby leveling more fairly the legal playing field and ensuring that Defendant can participate meaningfully in the legal process. This is a reasonable request to uphold the principles of justice and equity in this matter.

Furthermore, under principles of equity and the court's inherent power to ensure justice, any default should be set aside to allow Defendant the opportunity to defend against the Plaintiff's claims on the merits.

## Conclusion

Defendant respectfully requests a stay of proceedings to facilitate a fair preparation and presentation of his defense.

WHEREFORE, Defendant Jonathan Rees respectfully requests that this Court:

1. Grant the motion to set aside default entered;

2. Grant a Stay of proceedings;

3. Schedule a new hearing date with proper notice to all parties;

4. Grant such other and further relief as the Court deems just and proper.

Dated this 6th of December, 2024.

_____
Jonathan Rees, Pro Se

MOTION TO SET ASIDE DEFAULT AND TO STAY PROCEEDINGS - CASE 3:23-CV-01352-TJM-ML

# EXHIBIT A

**RE: notice of need to withdraw representation**

From: Greg Ellis
 entertwine@proton.me

To: Kirstie A. Means
 kmeans@lippes.com

Date: On Wed, May 29, 2024 at 14:52

Kirstie:

[redacted] ? [redacted] Please advise the court that this not my email address and kindly forward me a link to the Teams Conference on June 3rd. Be advised I am deactivating this email address forthwith.

[redacted]

[redacted]

Greg

On Wed, May 29, 2024 at 14:23, Kirstie A. Means <kmeans@lippes.com> wrote:

**EXHIBIT "B"**



**EXHIBIT "C"**

**PACER Account Disabled**

Although you have a PACER account, your current account has been disabled.

If you have any questions or for further details on how to activate your search privileges contact the PACER Service Center at (800) 676-6856 between the hours of 7 AM and 6 PM CT Monday through Friday or by email at pacer@psc.uscourts.gov.

You may continue to log in and perform other activities (e.g., e-file, request filing privileges), but you will not have PACER search privileges.

[Continue] [Cancel]

# EXHIBIT "D"

