

# JONATHAN REES
522 N Central Ave, #831 SMB#77452, Phoenix, AZ 85004

March 19, 2025

Honorable Miroslav Lovric
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

**Re: Doe v. Rees, Case No. 23-cv-1352-TJM-ML**

Dear Judge Lovric,

I am the pro se Defendant in the above-captioned civil matter, and respectfully request a stay of all proceedings pursuant to this Court's inherent authority and the interests of justice, as informed by **Federal Rule of Civil Procedure 1** and relevant case law. This request is necessitated by recent developments introduced by Plaintiff's counsel, which have materially altered the procedural posture of this case and implicated my constitutional rights.

**Basis for Request**

On December 20, 2024, Plaintiff's counsel filed opposition papers referencing a pending criminal matter against me in Chenango County, to which I have entered a plea of not guilty. The introduction of this criminal proceeding into the civil context directly impairs my ability to defend myself in this action without compromising my Fifth Amendment right against self-incrimination. Specifically:

- The overlap between the civil allegations and the criminal matter prevents me from responding fully to discovery, filing motions, or otherwise participating in this case without risking statements that could be used against me in the criminal prosecution.
- Absent a stay, I face the untenable choice of either waiving my Fifth Amendment rights or forfeiting my ability to mount a defense in this civil action, resulting in significant prejudice.

**Legal Authority**

Federal courts have consistently recognized the propriety of staying civil proceedings when parallel criminal matters threaten a defendant's constitutional rights. For example:

- In *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995), the Ninth Circuit held that a stay is warranted when civil and criminal proceedings are intertwined, and the defendant's Fifth Amendment rights are at risk.

- Similarly, in *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), the D.C. Circuit affirmed that a stay may be granted where the interests of justice require it, particularly to protect a party from prejudice due to concurrent litigation.
- Within the Second Circuit, which governs this Court, *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012), provides that district courts have broad discretion to stay proceedings, weighing factors such as prejudice to the parties and judicial efficiency.

Here, the risk to my Fifth Amendment rights, coupled with the potential for unfair prejudice in this civil case, strongly favors a stay.

**Balancing of Interests**

A stay will not unduly prejudice Plaintiff, as the civil claims can be fully adjudicated following resolution of the criminal matter. In contrast, proceeding now would irreparably harm my defense and undermine the fairness of this litigation. Additionally, a stay promotes judicial economy by avoiding duplicative or conflicting proceedings, consistent with **N.D.N.Y. Local Rule 1.1(d)**, which encourages efficient case management.

**Relief Requested**

Accordingly, I respectfully request that this Court:
1. Stay all proceedings in this matter, including discovery and motion deadlines, pending resolution of the criminal matter in Chenango County; and
2. Grant such further relief as the Court deems just and proper.

I am prepared to provide additional documentation if the Court requires further argument or clarification, as per **N.D.N.Y. Local Rule 7.1(b)(3)**.

Thank you for your attention to this matter. I respectfully urge the Court to grant this relief to safeguard my constitutional rights and ensure a fair judicial process.

Respectfully submitted,

_____
Jonathan Rees